UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEAN McTERRELL,

                Plaintiff,

-against-

M.D. JOHN DOE, Fishkill Correctional Facility; NURSE CYBAUM, Fishkill Correctional Facility; SHU DR. JANE DOE, Fishkill Correctional Facility; M.D. GUZMAN, Sullivan Correctional Facility; M.D. AMED, Sullivan Correctional Facility; R.N. LACOSTA, Sullivan Correctional Facility; M.H.U. DOCTOR JANE DOE, Sullivan Correctional Facility; JOHN DOE; JOHN DOES 1-5, Downstate Correctional Facility,

                Defendants.

23-CV-6661 (LTS)

ORDER DIRECTING PAYMENT OF FEES OR IFP APPLICATION AND PRISONER AUTHORIZATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

      On May 2, 2022, Plaintiff filed a *pro se* prisoner civil rights complaint in the United States District Court for the Western District of New York, alleging that his constitutional rights were violated during his confinement as various New York State correctional facilities. (*See* ECF No. 1.)[1] By decision and order dated July 28, 2023, Judge John L. Sinatra, Jr., of the Western District of New York, directed that: (1) Plaintiff's claims arising out of his confinement at Five Points Correctional Facility would proceed in that court; (2) the claims arising out of Plaintiff's confinement at Marcy and Mid-State Correctional Facilities would be severed and transferred to the United States District Court for the Northern District of New York; and (3) the claims arising

---

[1] Document numbers refer to the document numbers as generated by this Court's electronic case filing system (ECF).

out of Plaintiff's confinement at Fishkill, Sullivan, and Downstate Correctional Facilities would be severed and transferred to this court.

To proceed with a civil action in this court, a prisoner must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees, submit a signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the court grants a prisoner's IFP application, the Prison Litigation Reform Act requires the court to collect the $350.00 filing fee in installments deducted from the prisoner's account.[2] *See* 28 U.S.C. § 1915(b)(1). A prisoner seeking to proceed in this court without prepayment of fees must therefore authorize the court to withdraw these payments from his account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee from the prisoner's account in installments and to send to the court certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b).

Although Plaintiff was granted leave to proceed IFP in the Western District of New York, the severed claims transferred to this court constitute a new civil action. *See Wausau Bus. Ins. Co. v. Turner Const. Co.*, 204 F.R.D. 248, 250 (S.D.N.Y. 2001) ("[S]evered claims become entirely independent actions to be tried, and judgment entered thereon, independently." (internal quotation marks and citation omitted)). Thus, Plaintiff must either pay the filing fees or seek IFP status for this new action. *See Abreu v. Brown*, ECF 1:18-CV-1634, 58, 2018 WL 10125142, at *1 (S.D.N.Y. Mar. 16, 2018) (holding severed claims constitute a new action and requiring plaintiff to pay the fees or submit an IFP application); *see also Perkins v. City of New York*, ECF

---

[2] The $50.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

1:14-CV-3779, 46, 2014 WL 5369428, at *1 (S.D.N.Y. Oct. 20, 2014) (severing multiple prisoners' claims into new actions and requiring each prisoner to submit a new IFP application).

## CONCLUSION

Within thirty days of the date of this order, Plaintiff must either pay the $402.00 in fees or submit the attached IFP application and prisoner authorization. If Plaintiff submits the IFP application and prisoner authorization, they should be labeled with docket number 23-CV-6661 (LTS).[3]

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   October 12, 2023
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[3] Plaintiff is cautioned that if a prisoner files a federal civil action or appeal that is dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file federal civil actions IFP as a prisoner, unless he is under imminent danger of serious physical injury, and he must pay the filing fees at the time of filing any new action.