UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEAN McTERRELL,

                              Plaintiff,

        v.

M.D. JOHN DOE, Fishkill Correctional
Facility, NURSE CYBAUM, Fishkill
Correctional Facility, SHU DR. JANE DOE,
Fishkill Correctional Facility, M.D.
GUZMAN, Sullivan Correctional Facility,
M.D. AMED, Sullivan Correctional Facility,
R.N. LACOSTA, Sullivan Correctional
Facility, M.H.U. DOCTOR JANE DOE,
Sullivan Correctional Facility, JOHN DOE,
JOHN DOES 1-5, Downstate Correctional
Facility,

                              Defendants.

No. 23-CV-6661 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

        Plaintiff, who is currently incarcerated at Groveland Correctional Facility, brings this pro se

action under 42 U.S.C. § 1983, alleging that, while he was incarcerated at various New York State

correctional facilities, Defendants denied him the right to adequate medical care.  (*See* Dkt. Nos. 1,

3, 7.)

        Plaintiff originally filed this action in the United States District Court for the Western

District of New York, and by decision and order dated July 28, 2023, Judge John L. Sinatra, Jr., of

the Western District of New York, directed that: (1) Plaintiff's claims arising out of his confinement

at Five Points Correctional Facility proceed in that court; (2) the claims arising out of Plaintiff's

confinement at Marcy and Mid-State Correctional Facilities be severed and transferred to the United

States District Court for the Northern District of New York; and (3) the claims arising out of

Plaintiff's confinement at Fishkill, Sullivan, and Downstate Correctional Facilities be severed and transferred to this District.  (*See* Dkt. No. 9.)

Although Plaintiff was granted leave to proceed in forma pauperis ("IFP"), that is, without prepayment of fees, in the Western District of New York, the severed claims transferred to this court constitute a new civil action.  *See Wausau Bus. Ins. Co. v. Turner Const. Co.*, 204 F.R.D. 248, 250 (S.D.N.Y. 2001) ("[S]evered claims become entirely independent actions to be tried, and judgment entered thereon, independently." (internal quotation marks omitted)).  By order dated October 12, 2023, the Honorable Laura Taylor Swain, in her capacity as Chief Judge, therefore directed Plaintiff to either pay the $402.00 in fees or submit an IFP application and prisoner authorization, within 30 days, in order to proceed with this action.  (*See* Dkt. No. No. 11.)  Plaintiff complied with Chief Judge Swain's October 12, 2023 order, and he filed an IFP application and a prisoner authorization on November 14, 2023.  (*See* Dkt. Nos. 12, 13.)  By order dated November 15, 2023, Chief Judge Swain granted Plaintiff's request to proceed IFP.[1]  (*See* Dkt. No. 14.)

## I. DISCUSSION

### A.   Service on Fishkill Defendant Nurse Cybaum and Sullivan Defendants Dr. Guzman, Dr. Amed, and R.N. Lacosta

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2]  *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP.  *See* 28 U.S.C. § 1915(b)(1).

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the amended complaint until the Court reviewed the amended complaint and ordered that summonses be issued.  The Court therefore extends the time to serve until 90 days after the date summonses are issued.

. . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (providing that the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Nurse Cybaum, Dr. Guzman, Dr. Amed, and R.N. Lacosta through the U.S. Marshals Service, the Clerk of Court is respectfully instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

If the amended complaint (discussed below) is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.     John/Jane Doe Defendants**

Under *Valentin v. Dinkins*, a pro se litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the Complaint, Plaintiff supplies sufficient information to permit the New York State Department of Corrections and Community Supervision to identify the John Doe Doctor and Jane Doe SHU Doctor at Fishkill Correctional Facility, the MHU Jane Doe Doctor and John Doe Defendant at Sullivan Correctional Facility, and the John Doe Defendants at Downstate Correctional Facility involved in the alleged deprivations of Plaintiff's rights while he was incarcerated in those Facilities. It is therefore ordered that the New York State Attorney General, who is the attorney for and agent of the New York State Department of Corrections and Community Supervision, must ascertain the identity and badge number of each

John and Jane Doe whom Plaintiff seeks to sue here and the addresses where those Defendants may be served.  The New York State Attorney General must provide this information to Plaintiff and the Court within 60 days of the date of this Order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming the John and Jane Doe defendants.  The amended complaint will replace, not supplement, the original Complaint.  An amended complaint form that Plaintiff should complete is attached to this Order.  Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John and Jane Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

## II.  CONCLUSION

The Clerk of Court is respectfully instructed to issue summonses for Nurse Cybaum, Dr. Guzman, Dr. Amed, and R.N. Lacosta, complete the USM-285 forms with the addresses for these Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further asked to mail a copy of this Order and the Complaint to the New York State Attorney General at: 78 Liberty Street, New York, New York 10007.

Finally, the Clerk of Court is directed to mail a copy of this Order and an information package to Plaintiff.

SO ORDERED.

Dated:    December 22, 2023
          White Plains, New York

_____
          KENNETH M. KARAS
          United States District Judge

4

## DEFENDANTS AND SERVICE ADDRESSES

1.      Nurse Cybaum
        Fishkill Correctional Facility
        18 Strack Drive
        Beacon, New York 12508

2.      Dr. Guzman
        Sullivan Correctional Facility
        325 Riverside Drive
        Fallsburg, New York 12733

3.      Dr. Amed
        Sullivan Correctional Facility
        325 Riverside Drive
        Fallsburg, New York 12733

4.      R.N. Lacosta
        Sullivan Correctional Facility
        325 Riverside Drive
        Fallsburg, New York 12733

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

**AMENDED
COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.     LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.     PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                   Middle Initial                   Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                                    State                        Zip Code

## III.     PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| First Name | Middle Initial | Last Name |
|---|---|---|

Prison Address

| County, City | State | Zip Code |
|---|---|---|

Date on which I am delivering this complaint to prison authorities for mailing: _____